IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

STEVEN KIDERLEN, :
:
    Petitioner :
: CIVIL NO. 3:CV-14-1684
v. :
: (Judge Caputo)
FEDERAL BUREAU OF PRISONS, :
:
    Respondent :

MEMORANDUM

I. Introduction

On August 14, 2014, Steven Kiderlen, an inmate presently confined at the Lewisburg United States Penitentiary, in Lewisburg, Pennsylvania filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1, Pet.) Mr. Kiderlen contends that his due process rights were violated in the context of a disciplinary proceeding. The petition is ripe for disposition and, for the reasons that follow, will be denied.

II. Background

In an Incident Report issued on June 19, 2014, Mr. Kiderlen was charged with a Code 329 infraction: destroying, altering, or damaging government property, or the property of another person, having value of $100.00 or less. (Doc. 1, Pet., ECF p. 17.) The incident is described by the reporting officer as follows: "On the above date [June 19, 2014] and time [1:01 p.m.], I conducted a random cell search

of J-Block, cell 310, housed by inmates KIDERLEN #32711-044 and BERGER #41640-050. During the search, I became aware of the following items that had been destroyed by Inmate KIDERLEN #32711-044: (3) SHEET - valued at $5.50 apiece[;] (1) BLANKET - valued at $9l.75 apiece[.] Total items valued at $26.25." (*Id.*) Notice of the Incident Report was provided to Mr. Kiderlen on the same day. (*Id.*) The Unit Disciplinary Committee (UDC) review took place on June 23, 2014. (*Id.*, ECF p. 18.)

The UDC based its decision on photographic evidence presented and Mr. Kiderlen's statement ("It's mine") when finding him guilty of the misconduct. (*Id.*) The UDC did not refer the matter to a Disciplinary Hearing Officer (DHO), but resolved the matter at the UDC level. (*Id.*) The UDC noted that "[t]o change negative behavior, UDC sanctioned inmate Kiderlen to LP other - 30 days loss progression in SMU program." (*Id.*) No Good Conduct Time (GCT) was taken from Mr. Kiderlen. (*Id.*)

As an inmate successfully progresses through the Special Management Unit (SMU) program, he gains additional privileges. (Doc. 7-1, Cunniningham Decl., ECF pp. 3-4.) However, assignment to the SMU program, the length of time an inmate participates in the program or any particular phase of the program, has no effect on the length of the inmate's sentence or release date. (*Id.*)

## IV. Discussion

Respondent argues that the petition should be dismissed because Mr. Kiderlen has failed to exhaust his administrative remedies and because the

-2-

challenged disciplinary proceeding fails to impact the fact or duration of his confinement, this Court lacks jurisdiction over his § 2241 Petition. (Doc. 7, Resp't. Resp.) The Court agrees with Respondent on both counts.

### A.     Exhaustion

The BOP has established a multi-tiered process for a federal prisoner to seek formal review of any aspect of his imprisonment. 28 C.F.R. §§ 542.10 *et seq.* Federal inmates may challenge any aspect of their confinement by using the BOP's Administrative Remedy procedure. 28 C.F.R. § 542.10(a). The first tier of the administrative remedy program is to present the issue to the staff for an informal resolution attempt. 28 C.F.R. § 542.13. If that does not resolve the issue, the inmate must submit a formal request for administrative relief to the Warden. 28 C.F.R. § 542.14. An inmate who is not satisfied with the Warden's response may submit an appeal to the appropriate Regional Director. 28 C.F.R. § 542.15. If the Regional Director's response is not satisfactory, the inmate may then appeal to the BOP's Central Office, which is the final step in the BOP's administrative remedy process. (*Id.*)

An exception to this process is made for appeals of DHO decisions. 28 C.F.R. § 542.14. DHO appeals are to be submitted initially to the Regional Director and then to the Central Office. (*Id.*; 28 C.F.R. § 542.15.) No administrative appeal is considered fully exhausted until it has been considered by the General Counsel's Office. 28 C.F.R. § 542.15.

"Federal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241." *Moscato v. Federal Bureau of Prisons,* 98 F.3d 757, 760 (3d Cir. 1996). *See also Vasquez v. Strada,* 684 F.3d 431, 433 (3d Cir. 2012).

Respondent points out that although Mr. Kiderlen unsuccessfully appealed the UDC's determination to the Warden and the BOP's Regional Office, he failed to complete the final step in the administrative remedy process. Mr. Kiderlen failed to appeal the Regional Director's response to the BOP's Central Office. (Doc. 7-1, ECF pp. 3-4.) In his Petition, Mr. Kiderlen confirms that he filed his habeas petition prior to completing the BOP's administrative remedies procedures.[1] Since Mr. Kiderlen failed to file an appeal with the BOP's Central Office, he did not properly exhaust his administrative remedies, and his 2241 petition is subject to dismissal. *See Rivera-Lebron v. Rectenwald,* 525 F. App'x 113, 115 (3d Cir. 2013)(nonprecedential)(claim challenging disciplinary sanction that was not timely appealed to BOP's Central Office is unexhausted).

### B. Failure to Present a Cognizable § 2241 Claim

28 U.S.C. § 2241 authorizes a federal district court to exercise jurisdiction where the federal prisoner is challenging th execution, rather than the validity, of his sentence. *See Share v. Krueger,* 553 F. App'x 207, 209 (3d Cir. 2014); *Cardona v.*

---

[1] "To continue the Remedy without filing this Writ of Habeas Corpus would make filing any Writ of Habeas Corpus frivolous ... In order to complete the Administrative Remedy 785762 before completing filing this Habeas Corpus Petitioner would have no remedy available to him." (Doc. 1, ECF p. 10.)

*Bledsoe,* 681 F.3d 533, 535 (3d Cir. 2012). The Third Circuit Court of Appeals has acknowledged that the "precise meaning of 'execution of the sentence' is hazy." *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 242 (3d Cir. 2005). In order for a petitioner to qualify for habeas relief under § 2241, he must show that the persons or institution responsible for overseeing the execution of his sentence did not follow the "command or recommendation in his sentencing judgment." *Cardona,* 681 F.3d at 537. In other words, "the question to be asked is whether granting the petition would 'necessarily imply' a change to the fact, duration, or execution of the petitioner's sentence." *McGee v. Martinez*, 627 F.3d 933, 936 (3d Cir. 2010).

Here, Mr. Kiderlen challenges a disciplinary sanction which resulted in his loss of 30 days progression in the SMU program. He did not lose any GCT. His assignment to the SMU program, or the speed of his progression through that program, has no effect on the length of his sentence or release date. Because judgment in favor of Mr. Kiderlen would not affect the fact or duration of his incarceration, he is not entitled to the narrow exception allowing him to bring his claim under Section 2241. *Cardona*, 681 F.3d at 537. Accordingly, Mr. Kiderlen fails to present a cognizable habeas corpus claim.

An appropriate Order follows.

                                                                                  **A. RICHARD CAPUTO**
                                                                                  **United States District Judge**

Date: October 30, 2014